UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ROADES,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

No. 2:26-cv-03666 SCR P

ORDER

Plaintiff is incarcerated in state prison and proceeding through counsel with a civil rights action under 42 U.S.C. § 1983. Defendants have paid the filing fee and a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, thereby removing the action to this Court. ECF No. 1. By this order, the undersigned grants Defendants' request for screening pursuant to 28 U.S.C. § 1915A (ECF No. 4), finds that the complaint's claims are cognizable, and directs Defendants to file a responsive pleading within 30 days.

## REMOVAL

### I. Procedural Background

Plaintiff initiated this action by filing a complaint in the Superior Court of California, Lassen County, on August 25, 2026 (Case No. 2026 CV 0076898), against Defendants State of California, California Department of Corrections and Rehabilitation ("CDCR"), Officer Cruz, and Does 1 to 10. ECF No. 1 at 8-21. Service of the complaint on the last Defendant, Officer Cruz,

was completed on September 30, 2026. Id. at 5. On October 26, 2026, Defendant Cruz paid the filing fee and filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1446. Defendants State of California and CDCR consent to removal. Id. at 3. Defendants subsequently filed a request for screening under 28 U.S.C. § 1915A and an extension of time to file a responsive pleading. ECF No. 4.

**II. Discussion**

Under 28 U.S.C. § 1446(b)(1), the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Here, Plaintiff served Defendant Cruz on September 30, 2026, removal occurred within 30 days, and the previously served Defendants, State of California and CDCR, consent to removal. ECF No. 1 at 5. Accordingly, Defendants' removal appears timely. 28 U.S.C. § 1446(b)(2)(C); see also Destfino v. Reiswig, 630 F.3d 952, 955 (9th Cir. 2011). Venue is also proper in the Eastern District of California because this district encompasses Lassen County, where Plaintiff filed his state court action. 28 U.S.C. §§ 1141(a), 1446(a).

The undersigned will next consider whether this Court has removal jurisdiction. Except as otherwise expressly provided by Congress, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have an independent obligation to examine their own jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990). "The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citing, *inter alia*, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v.

Williams, 482 U.S. 386, 392 (1987).

Plaintiff's complaint raises three causes of action related to a strip search conducted near the entrance of High Desert State Prison ("HDSP") while he was performing landscaping work in the area: (1) Tom Bane Civil Rights Act ("Bane Act"), California Civil Code § 52.1, against all Defendants; (2) Eighth Amendment Cruel and Unusual Punishment, 42 U.S.C. § 1983, against Defendant Cruz and Does 1-10; and (3) Fourth Amendment Unreasonable Search and Seizure, 42 U.S.C. § 1983, against Defendant Cruz and Does 1-10.[1] ECF No. 1 at 15-20.

Plaintiff's Eighth and Fourth Amendment claims confer this Court with federal question removal jurisdiction. See Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). The undersigned will also exercise supplemental jurisdiction over plaintiff's state-law Bane Act claim, given it appears "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); see also Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 27 (2025) (a federal court may exercise supplemental jurisdiction over the state claim so long as it "'derive[s] from' the same 'nucleus of operative fact' as the federal one." (quoting Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966))). Accordingly, the undersigned will proceed to screen the complaint.

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

---

[1] Plaintiff combines his Eighth Amendment and Fourth Amendment claims into a single, 42 U.S.C. § 1983 cause of action. ECF No. 1 at 17-18.

legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

Plaintiff was incarcerated at HDSP at all relevant times. ECF No. 1 at 13. On or about October 8, 2024, Plaintiff was assigned to an outside grounds landscaping crew working near the entrance of the prison. Id. Two CDCR vehicles pulled up carrying Defendant Cruz and Does 1 and 2. Id. Defendants ordered Plaintiff to stop working and remove all of his clothing. Id. at 13-14. Plaintiff stripped naked in the open area near the prison entrance, which was visible to vehicles and pedestrians passing nearby. Id. at 14. The public strip search was "humiliating, degrading, and unnecessary[.]" Id. Plaintiff filed an administrative grievance alleging that Staff Sexual Misconduct that Defendant CDCR sustained. Id.

The complaint raises a state law Bane Act claim against all Defendants and an Eighth Amendment and a Fourth Amendment claim against Defendant Cruz and Does 1 to 10. ECF No. 1 at 15-20. Plaintiff seeks, *inter alia*, general, compensatory, special, punitive, and exemplary damages in an amount according to proof at trial and any other relief the Court deems just and proper. Id. at 20.

## SCREENING ANALYSIS

### I. Bane Act

The Bane Act provides a cause of action for violations of a plaintiff's state or federal civil rights committed by "threats, intimidation, or coercion." Cal. Civ. Code § 52.1; Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018). "[T]hreat involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm; intimidation involves putting in fear for the purpose of compelling or deterring conduct; and coercion is the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Johnson v. City of Atwater, No. 1:16-CV-1636 AWI SAB, 2019 WL 283707, at *5 (E.D. Cal. Jan. 22, 2019) (quoting Bolbol v. Feld Entm't, Inc., 2013 WL 257133, at *10 (N.D. Cal. Jan. 23, 2013)), aff'd sub nom. Johnson v. Velazquez, 794 F. App'x 655 (9th Cir. 2020).

Plaintiff alleges that Defendants Cruz and Does 1 and 2, the three officers who allegedly ordered the strip search, see ECF No. 1 at 13-14, "intentionally interfered with [his] rights under the Fourth and Eighth Amendments . . . by threats, intimidation and coercion[.]" ECF No. 1 at 16. Plaintiff points to the "coercive authority vested in them as CDCR correctional officers," and maintains he was "compelled to comply with the officers' direct orders under threat of the authority, discipline, and consequences inherent to the custodial relationship." Id.

The undersigned finds for screening purposes only, these allegations are sufficient to state a Bane Act claim against Defendants Cruz and Does 1 and 2. The undersigned will also let Plaintiff's Bane Act claims against CDCR and the State of California to proceed and declines to address any Eleventh Amendment immunity or other immunities at this early stage of the case and without the benefit of briefing from the parties. See Walden v. Nevada, 945 F.3d 1088, 1092-1095 (9th Cir. 2019) (noting that "[a] State's decision voluntarily to invoke the jurisdiction of a federal court by removing an action from state court to federal court can waive Eleventh Amendment immunity"); Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (noting Eleventh Amendment immunity is an affirmative defense and can be waived) (citing Demshki v. Monteith, 255 F.3d 986, 989 (9th Cir. 2001)).

**II. Eighth Amendment**

To state an Eighth Amendment conditions of confinement claim, a plaintiff must allege (1) that the deprivation suffered was "objectively, sufficiently serious," meaning the defendant prison official's conduct deprived him of the minimal civilized measure of life's necessities; and (2) that the defendant acted with deliberate indifference to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)).

"[A] routine strip search . . . does not constitute an Eighth Amendment violation." Edwards v. Bybee, No. 1:14-CV-00486-AA, 2014 WL 6962189, at *3 (D. Or. Dec. 4, 2014); see also Cunningham v. Multnomah Cnty., 737 F. App'x 814, 817 n.3 (9th Cir. 2018) (holding that prison's policy to visually strip search kitchen work crews did not cause "the unnecessary and wanton infliction of pain"); Moreno v. Vaca, No. 223CV00529PAMAA, 2023 WL 4291800, at *5 (C.D. Cal. Mar. 6, 2023) (finding no allegations from which to reasonably infer that the routine strip searches "involved the "unnecessary and wanton infliction of physical or psychological pain"). However, in light of the public nature of the strip search, the undersigned finds that the complaint's allegations support the reasonable inferences that it was not routine. Further, the alleged humiliation, embarrassment, and shame Plaintiff suffered as a result of the public strip search, see ECF No. 1 at 19-20, plausibly suggest that the search involved the Defendants' unnecessary infliction of psychological pain. Accordingly, for screening purposes only and without the benefit of briefing from Defendants, the undersigned finds that Plaintiff has stated cognizable Fourth Amendment claim against Defendants Cruz and Does 1 and 2.

**III. Fourth Amendment**

Under the Fourth Amendment, a person has the right to be free from an unreasonable search. U.S. Const. amend. IV. In addition to limiting physical intrusions on a constitutionally protected area, "the Fourth Amendment protects 'certain expectations of privacy.'" United States v. Rosenow, 50 F.4th 715, 737 (9th Cir. 2022) (quoting Carpenter v. United States, 585 U.S. 296, 304 (2018)). "When an individual seeks to preserve something as private, and his expectation of

privacy is one that society is prepared to recognize as reasonable, we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause." Id.

"[I]ncarcerated prisoners retain a limited right to bodily privacy." Michenfelder v. Sumner, 860 F.2d 328, 333–34 (9th Cir. 1988). "The reasonableness of a particular search is determined by reference to the prison context," and requires a balancing of "'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" Michenfelder, 860 F.2d at 332 (quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979)). While routine strip searches generally do not violate the Fourth Amendment rights of prisoners, those that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional. Id. at 332.

The undersigned finds that Plaintiff has stated cognizable Fourth Amendment claim against Defendants Cruz and Does 1 and 2. A visual strip search is "indisputably a 'frightening and humiliating' invasion, even when conducted 'with all due courtesy.'" Way v. Cnty. of Ventura, 445 F.3d 1157, 1160 (9th Cir. 2006) (quotations and citations omitted). Here, Plaintiff has plausibly alleged that the strip search was unreasonable even for the prison context, particularly given that Defendants conducted it in a publicly exposed area outside of the entrance of the prison. Accordingly, Defendants will be ordered to respond to this claim.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with 28 U.S.C. § 1915A, the Court has screened the complaint and determined that it states the following cognizable claims:

    a. Bane Act claim against Defendants State of California, CDCR, Officier Cruz, and Does 1 and 2;

    b. Eighth Amendment Cruel and Unusual Punishment claim against Defendants Cruz and Does 1 and 2;

    c. Fourth Amendment unreasonable search claim against Defendants Cruz and Does 1 and 2.

2. Defendants' request for screening complaint and extension of time to file a responsive pleading (ECF No. 4) is GRANTED; and

3. Defendants shall file a responsive pleading within thirty (30) days of this order.

DATED: November 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE